**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

Court Minutes and Order

| | |
|---|---|
| HEARING DATE: | September 14, 2026 |
| JUDGE: | Brett H. Ludwig |
| CASE NO.: | 26-cv-1660 |
| CASE NAME: | *Veolia Water Milwaukee, LLC v. Milwaukee Metropolitan Sewerage District* |
| MATTER: | Hearing on Plaintiff's Motion for a Temporary Restraining Order |
| APPEARANCES: | Laurie J. McLeRoy, Hannah Kolberg, Attorneys for Plaintiff<br>Katherine E Lazarski, Joseph Ganzer, Attorneys for Defendant |
| TIME: | 10:08 a.m.–10:38 a.m. & 10:52 a.m.–11:03 a.m. |
| COURTROOM DEPUTY: | Julie D. |
| COURT REPORTER: | Sue A. |

---

The Court briefly summarized the procedural history of the case, the claims raised in Plaintiff's Complaint, and the relief requested in Plaintiff's Motion for a Temporary Restraining Order. The parties confirmed the Court's summary was accurate. Plaintiff seeks a temporary restraining order to prevent Defendant from entering a service agreement or contract with Jacobs Solutions, Inc. (Jacobs), the other bidder for the Milwaukee Metropolitan Sewerage District (MMSD) wastewater treatment service contract for the 2028–2038 term, and further injunctive relief requiring MMSD to repeat its review of the competing proposals for the contract. Counsel for Defendant explained that the September 14, 2026 MMSD operations committee meeting, occurring simultaneously with this hearing, might proceed in several different ways, including the committee moving forward with presenting the Ad Hoc Committee's recommendation to accept Jacobs's proposal to the full committee, or potentially requesting further information from the proposers. Defense counsel further indicated that an additional full committee vote on September 28, 2026 would determine whether the Executive Director had authority to enter a service agreement with Jacobs, but confirmed that a final service agreement has yet to be fully negotiated. With that uncertainty in mind, Defendant agreed that it would not enter into any final service agreement until the merits of this case were resolved. Defendant specified that it would continue negotiating and potentially enter ancillary contracts that are related to the service agreement and continued operation of the wastewater treatment facilities while this case remains pending.

The Court took a brief recess to allow the parties to confer and propose a discovery and briefing schedule. Defendant will file its response to the complaint within twenty days, or by Monday, October 5, 2026. The parties agreed that the case could advance directly to a resolution on the merits and proposed a schedule for simultaneous merits briefing. The parties will submit principal merits briefs by December 1, 2026 and response briefs by December 15, 2026. Neither party wished to present witness testimony and they agreed the Court could resolve the merits of Plaintiff's challenge on the papers. The Court may schedule a hearing for oral argument after the initial briefs are submitted if it believes additional argument would be helpful.

With the parties' agreement, the Court did not set a schedule for discovery, but encouraged the parties to try to resolve any discovery issues amongst themselves. The Court also encouraged the parties to use the Court's expedited motion practice, Civil Local Rule 7(h), to present any discovery disputes they cannot resolve consensually. Further, the Court noted that it anticipated issuing an order on the merits by the end of January 2027, but would endeavor to rule sooner given the importance of avoiding delay to the parties.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for a Temporary Restraining Order, ECF No. 2, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant has agreed to not enter a service agreement for the contract at issue until the Court has resolved the merits of Plaintiff's request for injunctive relief.

Dated at Milwaukee, Wisconsin on September 14, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge